**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 97-1048**

———————

LOIS E. MCKINNEY,

                                Plaintiff - Appellant,

      versus

MOTEL 6,

                                Defendant - Appellee.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. David G. Lowe, Magistrate Judge. (CA-96-476-R)

———————

Submitted: April 14, 1998           Decided: June 22, 1998

———————

Before WILKINS and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Lois E. McKinney, Appellant Pro Se. Michael Frank Marino, Eric Anthony Welter, REED, SMITH, SHAW & MCCLAY, McLean, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Lois McKinney appeals the district court's order denying relief on her employment discrimination action after a jury trial. McKinney was terminated from employment as the general manager of the Motel 6 in Sandston, Virginia. She contends that her termination was based on her gender, while Motel 6 asserts that she was terminated based on an undue number of customer complaints and on her failure to properly maintain and operate the motel.[*]

McKinney was a member of a protected class, and after her termination the general manager position was filled by someone outside of that class. However, there is no evidence in the record from which to conclude that McKinney was performing her job in a satisfactory manner, or that the reasons for her termination proffered by Motel 6 were a pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-56 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Further, the district court did not abuse its discretion in refusing to admit evidence regarding the alleged misconduct of McKinney's

---

[*] McKinney failed to provide the court with a transcript of the trial, so our review is necessarily limited by the sparse nature of the record. In any event, the jury's verdict was undoubtedly based on its view of the weight of the evidence and the credibility of the witnesses, and those findings are not reviewable. See, e.g., DeJarnette v. Corning, Inc., 133 F.3d 293, 297 (4th Cir. 1998).

2

successor because that evidence was irrelevant. <u>See</u> Fed. R. Evid. 402.

Because McKinney did not carry her burden of showing that her termination was based on discrimination, we affirm. <u>See</u> <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507–08 (1993). We dispense with oral argument because argument would not aid the decisional process.

<u>AFFIRMED</u>

3